```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                  DIVISION OF ST. THOMAS AND ST. JOHN

THE BANK OF NOVA SCOTIA,           )
                                   )
             Plaintiff,            )
                                   )
     v.                            )    Civil No. 2015-67
                                   )
CONRAD J. DUBERRY, INTERNAL        )
REVENUE SERVICE, VIRGIN ISLANDS    )
BUREAU OF INTERNAL REVENUE,        )
                                   )
             Defendants.           )
```

**APPEARANCES:**

**Ryan C. Meade**
Quintairos, Prieto, Wood, & Boyer, P.A.
Miami, FL
    *For The Bank of Nova Scotia,*

**CONRAD J. DUBERRY**
St. Thomas, U.S.V.I.
    *Pro se plaintiff,*

**Ronald Sharpe, United States Attorney**
**Joycelyn Hewlett, AUSA**
United States Attorney's Office
St. Thomas, VI
    For *the Internal Revenue Service,*

**Claude E. Walker, AG**
**Dean Barnes, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
    *For the Virgin Islands Bureau of Internal Revenue.*

**JUDGMENT**

**GÓMEZ, J.**

Before the Court is the motion of The Bank of Nova Scotia ("BNS") for default judgment against Conrad J. Duberry and for

*The Bank of Nova Scotia v. Conrad J. Duberry, et al.*
Civ. No. 2015-67
Judgment
Page 2

summary judgment against The United States Department of Treasury, Internal Revenue Service ("IRS").

### **FACTUAL AND PROCEDURAL HISTORY**

Having reviewed the record, the Court makes the following findings of fact:

1. Conrad J. Duberry ("Duberry") is the record owner of property described as "Parcel No. 2-19 Estate Bethesda, No. 8A West End Quarter, St. Thomas, U.S. Virgin Islands" (the "Property").

2. Duberry is a competent adult and is not on active duty for any branch of the United States Uniformed Services.

3. On or about November 9, 2006, Duberry borrowed $35,275 from The Bank of Nova Scotia ("BNS").

4. On November 9, 2006, Duberry executed and delivered a promissory note (the "Note") to BNS in which he promised to pay BNS the principal sum of $35,275.00, plus interest at a rate of 6.99% per annum in monthly installments beginning December 9, 2006.

5. The Note provided that the entire principal sum became due and payable on November 9, 2011.

6. On November 9, 2006, Duberry executed and delivered to BNS a real estate mortgage (the "Mortgage") encumbering the Property. The Mortgage is attached to the Property. The

     Mortgage's terms give BNS the right to foreclose on the Property in the event of a default on the Note.

7. On November 9, 2006, the Mortgage was recorded at the Office of Recorder of Deeds for the District of St. Thomas and St. John as Document Number 2006010803.

8. The United States Department of Treasury, Internal Revenue Service ("IRS") holds a tax lien on the Property.

9. On January 21, 2011, the IRS's tax lien on the Property was recorded at the Office of Recorder of Deeds for the District of St. Thomas and St. John as Document Number 2011000376.

10. The Virgin Islands Bureau of Internal Revenue ("VIBIR") held three tax liens on the Property.

11. The VIBIR's tax liens on the Property were recorded at the Office of Recorder of Deeds for the District of St. Thomas and St. John on January 9, 2008, as Document Number 2008000174; October 19, 2009, as Document Number 200900754; and February 8, 2010, as Document Number 2010001045.

12. When the principal on the Note became due on November 9, 2011, Duberry was still indebted to BNS for $23,601.22.

13. Duberry failed to pay back the principal and was in default under the terms of the Note and Mortgage.

14. Duberry continued to make monthly payments, which were accepted by BNS, until June 9, 2014.

15. On June 9, 2014, Duberry ceased making monthly payments on the Note.

16. Duberry has failed to make the required payment of principal and interest to BNS as required by the Note and Mortgage.

17. On January 9, 2015, BNS provided Duberry notice of default and demanded payment.

18. BNS initiated this action against Duberry to enforce the terms and conditions of the Note and Mortgage.

19. The IRS and the VIBIR were joined in the action.

20. The IRS was served and filed an answer to BNS's complaint.

21. It its answer, the IRS admitted it claimed a tax lien on the Property, which was recorded on January 21, 2011.

22. The IRS does not oppose BNS's motion for default judgment and summary judgment.

23. The VIBIR was served and filed an answer to BNS's complaint.

24. Subsequently, the VIBIR's tax liens were released and VIBIR was voluntarily dismissed from the action.

25. On August 26, 2015, Duberry was personally served with the complaint in this action. Duberry has not filed an answer

Case: 3:15-cv-00067-CVG-RM Document #: 42 Filed: 10/14/16 Page 5 of 10

The Bank of Nova Scotia v. Conrad J. Duberry, et al.
Civ. No. 2015-67
Judgment
Page 5

    to BNS's complaint. On December 11, 2015, the Clerk of Court entered default against Duberry.

26. Duberry is in default on the Note. As of October 1, 2015, Duberry is in debt to BNS in the principal amount of $22,190.81; plus interest on the Note in the amount of $3,757.18; fees currently assessed at $463; late charges of $139.37; and a recoverable balance of $5,186. The total amount of Duberry's indebtedness to BNS is $31,736.36.

## DISCUSSION

Federal Rule of Civil Procedure 55(b)(2) allows courts to enter a default judgment against a properly served defendant who fails to file a timely responsive pleading. *Anchorage Assoc. v. V.I. Bd. Of Tax Rev.*, 922 F.2d 168, 177 n.9 (3d Cir. 1990). A motion for entry of default judgment must contain evidence of the following: (1) that default was entered; (2) that the defendant has not appeared; (3) that the defendant is not an infant or incompetent; (4) that all pleadings were validly served upon the defendant; (5) the amount of judgment and how it was calculated; and (6) an affidavit of non-military service. *See Bank of Nova Scotia v. Abdallah*, No. CV 20012-0033, 2014 WL 2976232, at *3 (D.V.I. July 1, 2014). In addition, the Court must consider three factors when determining whether to grant a default judgment: "(1) [the] prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a

litigable defense, and (3) whether defendant's delay is due to culpable conduct." *Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000).

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Hersh v. Allen Products Co.*, 789 F.2d 230, 232 (3d Cir. 1986).

The movant has the initial burden of showing there is no genuine issue of material fact, but once this burden is met it shifts to the non-moving party to establish specific facts showing there is a genuine issue for trial. *Gans v. Mundy*, 762 F.2d 338, 342 (3d Cir. 1985). The non-moving party "may not rest upon mere allegations, general denials, or ... vague statements ...." *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991). "[T]here is no issue for trial unless there is sufficient evidence favoring the non-moving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Id.* In making this determination, this Court draws all

Case: 3:15-cv-00067-CVG-RM Document #: 42 Filed: 10/14/16 Page 7 of 10

The Bank of Nova Scotia v. Conrad J. Duberry, et al.
Civ. No. 2015-67
Judgment
Page 7

reasonable inferences in favor of the non-moving party. *See Bd. of Educ. v. Earls*, 536 U.S. 822, 850 (2002); *see also Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).

## **ANALYSIS**

To prevail on a debt and foreclosure claim, the plaintiff must show that: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Thompson v. Florida Wood Treaters, Inc.*, 52 V.I. 986, 995 (D.V.I. 2009). The facts found by the Court establish each of the elements for a debt and foreclosure claim.

"When determining the priority of liens, the Virgin Islands is a race notice jurisdiction." *Kennedy Funding, Inc. v. Oracle Bus. Devs., LLC*, No. 2012-0009, 2016 U.S. Dist. LEXIS 13498, at *18 (D.V.I. Feb. 4, 2016). As such, an earlier recorded instrument takes priority over a latter filed instrument. *See Moco Inves., Inc. v. United States*, 362 Fed App'x 305, 309 (3d Cir. 2010). BNS recorded its mortgage on the Property before any other liens were recorded against the Property.

The premises considered, it is hereby

**ORDERED** that BNS's motion for summary judgment is **GRANTED**; it is further

*The Bank of Nova Scotia v. Conrad J. Duberry, et al.*
Civ. No. 2015-67
Judgment
Page 8

**ORDERED** that BNS shall recover from Duberry the principal amount of $22,190.81; late charges of $139.37; interest in the amount of $3,757.18; fees currently assessed at $463.00; and a recoverable balance of $5,186.00. Interest continued to accrue on the principal at a rate of 6.99% per annum from October 1, 2016, until the date of judgment; it is further

**ORDERED** that the Mortgage is a first priority lien; it is further

**ORDERED** that the IRS's tax lien is a second priority lien; it is further

**ORDERED** that the Mortgage, and any liens subsequent to it are hereby foreclosed; it is further

**ORDERED** that the Property shall be sold by the United States Marshal according to law and the proceeds of such sale shall be applied first to the expenses associated with any sale, including but not limited to the costs of publication and the commission assessed by the United States Marshal's Service pursuant to Title 28, Section 1921 of the United States Code, and then toward satisfaction of this Judgment in favor of BNS, including any costs and attorney's fees that may be awarded upon application and any sums that may be paid by BNS for insurance premiums, taxes, and expenditures necessary to maintain the Property pending sale with interest from the date of any such payment. Pursuant to Title 5, Section 489(5) of the Virgin

Islands Code, the surplus, if any, remaining after application of the proceeds as provided above, shall be returned to the debtor; and it is further

**ORDERED** that

1. Pursuant to Title 5, Section 484 of the Virgin Islands Code, notice of the Marshal's sale shall be posted for four (4) weeks prior to the sale in a public place in or near the Office of the Clerk of the Court; and published once a week for at least four (4) consecutive weeks prior to the sale in a newspaper regularly issued and of general circulation in the U.S. Virgin Islands, which uses newsprint. The notice shall describe the Property as set out above and shall contain the terms and conditions of sale as set out herein.

2. The terms and conditions of the sale shall be as follows:

    a. The Property shall be sold as a whole at a public sale at the Office of the U.S. Marshal, Federal Building, St. Thomas, U.S. Virgin Islands.

    b. BNS may bid a credit against its Judgment and interest thereon, plus any costs and expenses, without tender of cash.

    c. The terms of the sale as to all other persons or parties bidding shall be cash.

Case: 3:15-cv-00067-CVG-RM   Document #: 42   Filed: 10/14/16   Page 10 of 10

The Bank of Nova Scotia v. Conrad J. Duberry, et al.
Civ. No. 2015-67
Judgment
Page 10

    d. The successful bidder on the Property shall be required to deposit with the United States Marshal cash equal to ten percent of his total bid at or before 5:00 p.m. on the date of the sale of the Property; and the remaining ninety percent of the said purchase price to be paid on or before 5:00 p.m. within thirty days inclusive, of the date of sale of the Property.

    e. The United States Marshal shall make his report of the sale of the Property within ten days from the date of the sale.

3. BNS shall have any and all writs necessary to execute the terms of this Judgment.

4. Duberry shall be liable to BNS for any deficiency remaining after the sale of the Property.

                              S\_____
                                **Curtis V. Gómez**
                                **District Judge**