DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| THE BANK OF NOVA SCOTIA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil No. 2015-67 |
| ) | |
| CONRAD J. DUBERRY, INTERNAL ) | |
| REVENUE SERVICE, VIRGIN ISLANDS ) | |
| BUREAU OF INTERNAL REVENUE, ) | |
| ) | |
| Defendants. ) | |
| ) | |

APPEARANCES:

**Ryan C. Meade**
Quintairos, Prieto, Wood, & Boyer, P.A.
Miami, FL
   *For The Bank of Nova Scotia,*

**CONRAD J. DUBERRY**
St. Thomas, U.S.V.I.
   *Pro se plaintiff,*

**Ronald Sharpe, United States Attorney**
**Joycelyn Hewlett, AUSA**
United States Attorney's Office
St. Thomas, VI
   For *the Internal Revenue Service,*

**Claude E. Walker, AG**
**Dean Barnes, AAG**
Virgin Islands Department of Justice
St. Thomas, U.S.V.I.
   *For the Virgin Islands Bureau of Internal Revenue.*

## ORDER

**GÓMEZ, J.**

Before the Court is the motion of The Bank of Nova Scotia ("BNS") for attorney's fees and costs.

On October 14, 2016, the Court granted BNS's motions for summary judgment and default judgment and entered judgment in favor of BNS. On February 20, 2017, BNS filed a motion for attorney's fees and costs.

Federal Rule of Civil Procedure 54 ("Rule 54") provides the time within which a motion for attorney's fees must be filed. *See Hall v. Hall*, No. 2011-civ-54, 2016 WL 8650484, at *8 (D.V.I. Mar. 30, 2016). Rule 54 provides, in relevant part, that motions for "attorney's fees or related nontaxable expenses" must "be filed no later than 14 days after the entry of judgment." Fed. R. Civ. P. 54(d)(2). Judgment was entered in this matter on October 14, 2016. BNS filed its motion for attorney's fees on February 20, 2017, well outside the 14-day time limit. Accordingly, the request for attorney's fees is untimely.

The time-limit for motions for costs is set by local rule. *See* LRCi 54.1. The relevant local rule provides:

> Within thirty days after the entry of a final judgment or a judgment allowing costs, the prevailing party shall serve on the adverse party and file with the Clerk of the Court a Bill of Costs, together with a notice of motion when application will be made to the Clerk to tax the same.

LRCi 54.1(a). Judgment was entered in this matter on October 14, 2016. BNS filed its motion for costs on February 20, 2017, also

well outside the 30-day time limit. Accordingly, the request for costs is also untimely.

Nevertheless, the Court may extend the time for filing a motion after the time has "expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Here, BNS has not argued that there was excusable neglect nor provided any evidence of excusable neglect.

The premises considered, it is hereby

**ORDERED** that the motion of BNS for attorney's fees and costs docketed at ECF Number 43 is **DENIED**.

S\_____
    **Curtis V. Gómez**
    **District Judge**